IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOE HENRY SCOTT, III, #258485,          :

    Plaintiff,                          :

vs.                                     :      CIVIL ACTION 09-0607-CG-N

CORRECTIONAL MEDICAL SERVICES,          :
et al.,
                                        :
    Defendants.

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983.[1]  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

I.  Complaint.  (Doc. 1).

Plaintiff names as defendants Correctional Medical Services ("CMS") and William Stucco, a nurse employed by CMS.  (Doc. 1 at 5).  Plaintiff makes conclusory allegations of "discrimination distress, cruelty, lack of security, criminal conspiring, misprison,

---

[1]In addition to this complaint plaintiff has filed nineteen other actions with this Court since July 15, 2009.  Except for two habeas actions, his actions have been filed under § 1983.  His habeas action, CA 09-0428-WS-C, has been recommended for dismissal as time-barred.  His other actions are at various stages of development and screening.

malice" against defendant CMS and of "discrimination, criminal conspiring, distress" against defendant Stucco. (Id.). Plaintiff alleges that he has been denied medical treatment and that the medical records show that he was seen by a doctor between May 13, 2009 and June 3, 2009, August 23, 2009 and September 4, 2009, and on September 2, 2009, when in actuality he was not seen by a doctor at those times. (Id. at 3). The remainder of his allegations concentrate on his perceived deficiencies in the sick call and grievance forms in that they should have a tear-off copy so the inmate would have proof that he submitted a form. (Id. at 4). Implementing this, plaintiff contends, would keep the nurses from throwing away the submitted slips. (Id.). Otherwise, a doctor or a nurse may not see you, which is his situation so he remains "in pain [w]ith no relief." (Id.). He further maintains that after he was assaulted by officers, the nurse threw his sick call and grievance forms in the trash. (Id.).

Plaintiff mentions that he could not go to sick call from June 23, 2009 to July 7, 2009 because the administration had taken his clothes. (Id. at 3). Then, on July 10, 2009, an officer took him to the medical department. (Id.). In addition, on June 9, 2009, Officer Madison came by plaintiff's room in an attempt to have plaintiff sign a release of responsibility in regard to S. Lett. (Id.).

For relief, plaintiff requests that the sick call and grievance forms be changed in the manner he described, that he receive $400,000.00, and that defendants' assets be frozen. (Id. at 7).

II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing the complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966

---

[2]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

(second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949.  However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed2d 652 (1972).  However, the Court, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

III.  Discussion.

"In order to state a cognizable medical claim [under the Eighth Amendment] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).  The first element of an Eighth Amendment medical claim is an objective one requiring an inmate to establish that he has a serious medical need.  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  "Because society does not

expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992) (quotation omitted).  The second element, which is subjective, requires that a plaintiff show that a defendant's actions constituted a deliberate indifference to a serious medical need.  Farrow, 320 F.3d at 1243.  And when a corporate medical provider is a defendant, liability can only be imposed against it for a policy or custom that is deliberately indifferent to a serious medical need.  Buckner v. Toro, 116 F.3d 450, 452-53 (11th Cir.), cert. denied, 522 U.S. 1018 (1997).  A corporate medical provider's liability in a § 1983 action cannot be based on the acts of its subordinates.  Iqbal, ___ U.S. at ___, 129 S.Ct. at 1948

"[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment.  Estelle, 429 U.S. at 105-06, 97 S.Ct. at 292 (quotation marks omitted).  Furthermore, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Id.  "Where a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law."  Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir.) (internal quotations marks omitted), cert. denied, 475 U.S. 1096 (1986).

A review of the allegations indicates that plaintiff identified no medical need,

much less a medical need that is serious.  In the absence of a serious medical need being alleged, plaintiff has failed to establish one of the necessary elements for stating a medical claim under §1983.  Furthermore, plaintiff has not causally connected each defendant to a violation of his constitutional rights.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (finding that a plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action).  Accordingly, he has failed to state a claim upon which relief can be granted.

IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 17th  day of November, 2009.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

7

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

*Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

*Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

UNITED STATES MAGISTRATE JUDGE