IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOE HENRY SCOTT, III, #258485, | ) |
| | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 09-0607-CG-N |
| | ) |
| CORRECTIONAL MEDICAL SERVES, | ) |
| et. al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

The plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983 against Correctional Medical Services ("CMS") and William Stucco, a nurse employed by CMS. (Doc. 1). The action was thereafter dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. (Docs. 7, 12, & 13). This matter is now before the court on the plaintiff's motion to alter or amend this court's judgment under Federal Rule of Civil Procedure 59(e). (Doc. 15).

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." As the Court of Appeals for the Eleventh Circuit explains, "[t]he decision to alter or ament judgment is committed to the sound discretion of the district judge." Am. Home Assurance Co. v. Glenn Estess & Assoc., 763 F.2d 1237, 1238-1239 (11th Cir. 1985). Although Rule 59(e) does not itself specify grounds for relief, this court previously summarized the proper standard of review under Rule 59(e) as follows:

> The decision of whether to grant or deny a Rule 59 (e) motion is discretionary. A motion to alter or amend a judgment must demonstrate why the court should

> reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Generally courts have recognized three grounds for justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. Reconsideration of a previous order is an <u>extraordinary</u> remedy to be employed sparingly in the interests of finality and conservation or scarce judicial resources.

<u>Sonnier v. Computer Programs & Systems, Inc.</u>, 168 F.Supp.2d 1322, 1336 (S.D.Ala. 2001)(internal quotations and citations omitted, emphasis in original).

Since the plaintiff has not asserted any intervening change in law or presented new evidence, he must then show "the need to correct clear error or manifest injustice." In his motion, the plaintiff generally restates the arguments he previously asserted in his complaint, arguments which this court concluded did not state a claim upon which relief can be granted. Therefore, this court finds the order of dismissal was not in clear error, thus the above action was properly dismissed.

## CONCLUSION

For the reasons stated above, the plaintiff's motion to alter and amend the judgment (Doc. 15) is **DENIED**. As a result, the plaintiff's motion for an extension of time and injunction (Doc. 14) is **MOOT**.

**DONE and ORDERED** this 28th day of December, 2009.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE